986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip JACOBS, Plaintiff-Appellee,
v.
John HORN, et al., Defendants,
Mona Parks; C.B. Stegeman, Defendants-Appellants.
 No. 91-4043.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1993.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellee, Phillip Jacobs, a Southern Ohio Correctional Facility ("SOCF") inmate, filed a 42 U.S.C. § 1983 action against the SOCF and various medical employees, including Defendant-Appellant, Mona Parks, for improper medical care. Defendants were represented by appellant Christian Stegeman, an Ohio Assistant Attorney General. At the trial, Parks testified for the defense. In April, 1990, the jury returned a verdict for the defendants.
 
 
 2
 Plaintiff then filed a second civil action alleging that defendants, including Parks and Stegeman in their individual capacity, conspired to deny his Fourteenth Amendment constitutional rights by falsifying information at trial. Plaintiff alleged that Parks and Stegeman participated in the alteration and falsification of plaintiff's medical files. Stegeman and Parks filed a motion to dismiss claiming absolute immunity from suit. The district court denied the motion, finding plaintiff had alleged facts that, if true, entitled him to relief. This interlocutory appeal was then taken. Mitchell v. Forsyth, 472 U.S. 511, 533 (1985). For the following reasons, we REVERSE the district court's order.
 
 
 3
 Generally, persons participating in judicial proceedings, including judges, prosecutors, and witnesses, are entitled to absolute immunity from civil liability. Briscoe v. LaHue, 460 U.S. 325, 334-35 (1982). However, this does not provide a "blanket of immunity." Auriemma v. Montgomery, 860 F.2d 273, 277 (7th Cir.1988), cert. denied, 492 U.S. 906 (1989). Thus, a review of Parks' and Stegeman's roles in the litigation is necessary to determine absolute immunity.
 
 
 4
 Absolute immunity is granted to individual witnesses to avoid intimidation and self-censorship. Briscoe, at 341-46. Therefore, witnesses who "participat[e] in bringing the litigation to a just ... conclusion" are entitled to absolute immunity. Id. at 345.
 
 
 5
 As a result of his unsuccessful litigation, plaintiff filed a second § 1983 action naming Parks as a defendant due to her participation as a witness in the first trial. Plaintiff asserted that Parks, as a member of the alleged conspiracy, violated his constitutional rights by falsely testifying at trial regarding the relevant medical records. However, plaintiff failed to present evidence to support the perjury allegations. Accordingly, Parks is entitled to absolute immunity from the § 1983 action.
 
 
 6
 Absolute immunity has been extended to attorneys, like Stegeman, who appear on behalf of the government. See Imbler v. Pachtman, 424 U.S. 409 (1976). It protects the "functions that particular government officials perform." Auriemma, 860 F.2d at 276. Thus, prosecutors are absolutely immune from liability in civil suits challenging their decisions to initiate prosecutions and/or decisions concerning the conduct of the trial and presentation of evidence. Imbler, 424 U.S. at 424-28. This includes quasi-judicial functions such as actions taken in the courtroom as well as some decisions regarding obtaining, reviewing, and evaluating evidence. Auriemma, 860 F.2d at 278. However, when an attorney acts in an "investigative" or "administrative" role, he or she is entitled to only qualified immunity. Id. at 278. For example, where an attorney conducts an investigation outside the rules of discovery, he or she will not be protected from a civil action. Id.
 
 
 7
 Plaintiff alleged that Stegeman conspired to deprive his constitutional rights by: (1) "remov[ing] medical files for investigation, study, and fabrication"; and (2) failing "to correct the unlawful action of John Horn [custodian of the medical records]." However, plaintiff failed to present any evidence that Stegeman engaged in fraudulent conduct with regard to the relevant medical records. Accordingly, Stegeman is entitled to absolute immunity from the § 1983 action.
 
 
 8
 For the foregoing reasons, the district court's denial of the motion to dismiss is REVERSED.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior District Judge for the Western District of Michigan, sitting by designation